UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARK A. TURNER,

    Plaintiff,

v.                                 CASE NO.: 1:25-cv-23903-JB

ROCKET MORTGAGE, LLC,

    Defendant.

_____/

**DEFENDANT ROCKET MORTGAGE, LLC'S MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF THE OPERATIVE MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Rocket Mortgage, LLC ("Rocket Mortgage"), by and through its undersigned counsel, hereby moves this Court to stay discovery pending adjudication of its Motion to Dismiss (ECF No. 25) and states:

**I.    Introduction**

1. On or about August 1, 2025, Plaintiff, appearing *pro se*, filed an initial Complaint against Rocket Mortgage. ECF No. 1-2, p. 5-77.

2. On August 26, 2025, Plaintiff filed the First Amended Complaint asserting claims of (1) Breach of Fiduciary, (2) Breach of Contract, (3) Violation of the Fair Credit Reporting Act, (4), Predatory Lending, (5) Estoppel (Preclusion), and (6) Unconscionability. ECF No. 1-2, p.109-188

3. On September 22, 2025, Plaintiff filed the operative Second Amended Complaint asserting the same claims of (1) Breach of Fiduciary, (2) Breach of Contract,

(3) Violation of the Fair Credit Reporting Act, (4), Predatory Lending, (5) Estoppel (Preclusion), and (6) Unconscionability. ECF No. 15.

4. On October 16, 2025, Rocket Mortgage filed its operative Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss"). ECF No. 25. That Motion is fully briefed and pending before the Court. ECF Nos. 28, 37.

5. On October 31, 2025, Plaintiff served interrogatories and requests for production on Rocket Mortgage.

6. On November 7, 2025, Plaintiff, without conferring with Rocket Mortgage, filed his Motion for Leave to File a Third Amended Complaint ("Motion for Leave"). ECF No. 38. The Motion for Leave is pending and opposed by Rocket Mortgage.

7. Rocket Mortgage seeks to avoid responding to Plaintiff's baseless discovery until Plaintiff can state a viable cause of action. Accordingly, Rocket Mortgage asks this Court to stay discovery pending the adjudication of the fully briefed Motion to Dismiss.

## MEMORANDUM OF LAW

**I.     Legal Standard**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). "Stays of proceedings can promote judicial economy [and] reduce confusion and prejudice . . . ." *Zia v. CitiMortgage, Inc.*, 15-23026-CIV, 2016 WL 1230597, at *2 (S.D. Fla. Mar. 22, 2016) (quoting *Clinton*, 520 U.S. at 706). Such is the case here.

2

"To prevail on such a motion to stay, a movant must show 'good cause and reasonableness,' and the Court 'must balance the harm produced by a delay . . . against the possibility that the dispositive motion will be granted . . . .'". *See McCullough v. Royal Caribbean Cruises, Ltd.*, 16-CV-20194, 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay . . . should be granted, it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman v. Flood,* 176 F.R.D. 651, 652–53 (M.D. Fla. 1997). Upon the Court undertaking this exercise here, it should conclude that discovery should be stayed pending resolution of the Motion to Dismiss.

**II.     Discovery Should be Stayed because the Motion to Dismiss Will Be Meritorious and Will Preclude *Pro Se* Plaintiff's Unnecessary Discovery**

Even on a cursory look, Plaintiff fails to state a cause of action in his Second Amended Complaint and the defects cannot be remedied. As outlined in the Motion to Dismiss (ECF No. 25) and Reply (ECF No. 37), Plaintiff's claims are barred for several reasons—most notably, under the doctrines of collateral estoppel and res judicata pursuant to *Turner v. Rocket Mortgage, LLC*, No. 24-10012, 2025 WL 1377413, (11th Cir. May 13,

3

2025), where this Court dismissed Plaintiff's exact same claims against Rocket Mortgage with prejudice and the Eleventh Circuit affirmed.[1]

Plaintiff should have never brought this case in the first place, as it is simply an attempt to retry the same claims against Rocket Mortgage that were dismissed with prejudice by this Court and affirmed by the Eleventh Circuit. It is highly prejudicial to Rocket Mortgage to require it to expend any more resources than it already has in order to defend itself in a case it has already won. If adjudicated, the Second Amended Complaint will be dismissed. If the Court grants Plaintiff's latest Motion for Leave, the Third Amended Complaint will likewise be dismissed. (*See* Rocket Mortgage's Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint, filed contemporaneously herewith).

### III.  There is No Harm in Staying Discovery Given the Court's Scheduling Order.

There is no harm in briefly staying discovery in this case until the fully briefed Motion to Dismiss is adjudicated, as this case is still in its nascent stages and Plaintiff has not (and, indeed, cannot) plead a proper cause of action against Rocket Mortgage. Per the Court's operative scheduling order, discovery closes on May 28, 2026. Rocket Mortgage should not be required to respond to Plaintiff's baseless discovery on a case that has already been adjudicated in Rocket Mortgage's favor. The pleadings are not closed, and in fact, Plaintiff has sought leave to amend his cause of action yet again (which Rocket Mortgage

---

[1] The Motion to Dismiss (ECF No. 25) and Reply (ECF No. 37) address every count contained in the Second Amended Complaint. Rocket Mortgage incorporates those arguments herein by reference in the interest of brevity and judicial economy.

4

opposes).  The rules permit discovery only that is proportional to the needs of the case (*see* Fed. R. Civ. P. 26), and there is no need for discovery of any kind in this case.  It has already been adjudicated via dismissal by this very Court and affirmation by the Eleventh Circuit, an adjudication on the merits.  *See Gonzalez v. Batmasian*, 239 F. Supp. 3d 1363, 1367 (S.D. Fla. 2017) ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit.").

This Court has the authority to stay discovery, and doing so is the most economic and reasonable course of action at this juncture for all parties and the Court itself.

WHEREFORE, Rocket Mortgage requests that the Court enter an order staying discovery until the Motion to Dismiss is adjudicated and Plaintiff is able to state a viable cause of action, and for all other just and appropriate relief.

### RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2) undersigned counsel certifies he conferred with Plaintiff, and Plaintiff opposes the relief requested herein.

Dated: November 28, 2025                                    Respectfully submitted,

*/s/ Drew P. O'Malley*
Drew P. O'Malley
Florida Bar No. 106551
**SPENCER FANE LLP**
201 N. Franklin St., Ste. 2150
Tampa, FL 33602
Phone: 813-424-3500
Fax: 813-405-8904

5

kmcdonough@spencerfane.com
domalley@spencerfane.com
ecoutu@spencerfane.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 28th day of November, 2025, a true copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system and served on all counsel of record via transmission of Notices of Electronic Filing, and that Pro Se Plaintiff, Mark A. Turner, was served by U.S. Mail, postage prepaid, and via email as follows:

> Mark A. Turner, Pro Se
> 1411 SE 26th Avenue
> Homestead, FL 33035
> Markanthony37@sbcglobal.net

/s/ *Drew P. O'Malley*
*Counsel for Defendant*